**Esgar Orlando Perez AJANEL,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 02–72556.

BIA No. A74–430–636.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 30, 2003.

Erika Anne Kreider, Tucson, AZ, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Thomas W. Millet, Esq., US Dept. Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Esgar Orlando Perez Ajanel seeks review of the Board of Immigration Appeals' ("BIA") denial of his claim for asylum, under the Transitional Rules of the Illegal Immigration Reform and Immigrant Responsibility Act, 8 U.S.C. § 1252(b)(1). Because there is compelling evidence in the record demonstrating that he was persecuted in his native country of Guatemala on account of an actual or im-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

puted political opinion, and has a well-founded fear of continued persecution, we grant the Petition for Review.

In support of his claim, Perez testified that he was a member of a student humanitarian organization at his university that provided economic aid to Guatemalan refugees residing in southern Mexico. Petitioner and three other student group members were summoned to meet with a member of the Guatemalan government who informed them that the government believed the refugees to be guerillas and warned them to cease their humanitarian activities. Soon after this meeting, Perez and other members of his group began receiving death threats by mail and phone. Within months of the meeting, two of the four group members who attended the meeting were kidnapped. One was found tortured and murdered; the other remains missing. As a result of these events, Perez fled the country. The Immigration Judge found Petitioner's testimony as to these events to be credible and substantial evidence of a well-founded fear of persecution on account of political opinion, and accordingly granted asylum. The BIA disagreed, vacating the grant of asylum.

■ Under the standard articulated by the Supreme Court in *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we find that there is not substantial evidence in the record to support the BIA's conclusions that: (1) Petitioner has failed to demonstrate a well-founded fear of persecution on account of political opinion; and (2) even if such a presumption arises from incidents of past persecution, the Government adequately rebutted the presumption with a showing of changed country circumstances.

With regard to Perez's claim of past persecution, the Respondent incorrectly cites *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000), for the proposition that unful-

filled threats cannot constitute persecution. To the contrary, the court in *Lim* held that unfulfilled mail and telephone threats, *without more*, do not always compel a finding of past persecution. *See Lim*, 224 F.3d at 936–937 (*emphasis added*). There is compelling evidence in the record indicating that there was more in this case-direct confrontation by a member of the Guatemalan government and the kidnapping of two and murder of at least one of Petitioner's fellow group members. The BIA failed to properly consider this evidence, as well as evidence indicating that the death threats, kidnappings and murder were "on account" of Perez's actual or imputed political opinion. Specifically, the BIA ignored substantial evidence in the record indicating a causal nexus between this persecution and Perez's involvement in a documented political and humanitarian student organization. The BIA also failed to point to any evidence in the record which might support an alternative causal theory.

■ Finally, the BIA placed inappropriate reliance on the U.S. State Department Report in its determination that the Government rebutted any presumption of a well-founded fear of persecution through a demonstration of changed country circumstances. There is little evidence in the Country Report to support a finding that the individual persecution feared by Petitioner is no longer a risk in light of changed circumstances in Guatemala. However, there is countervailing evidence in the Report indicating that violence against student groups continued even after the peace accords of 1996.

In sum, the BIA ignored compelling evidence that would require a reasonable factfinder to find that Petitioner's well-founded fear of persecution overcomes any

evidence that conditions in Guatemala have changed.

PETITION GRANTED.

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.